Marina Manoukian, SBN 180104
marina.manoukian@adlilaw.com
ADLI LAW GROUP, PC
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone: (213) 623-6546

Attorneys for Defendant, YS PROPERTIES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Bouyer, an individual, *Plaintiff*, v. YS Properties, LLC, a Delaware limited liability company; and, DOES 1 through 10, inclusive, *Defendants*. | Case No.: 2:20-cv-02195-CJC-PJW <br><br> Hon. Cormac J. Carney <br><br> **DECLARATION OF JUNGGON SOHN ISO DEFENDANT YS PROPERTIES' MOTION TO DISMISS PURSUANT TO F.R.C.P. §12(b)(1)** |

# DECLARATION OF JUNGGON SOHN

1. I submit this declaration in support of Defendant YS Properties, LLC's Motion to Dismiss Pursuant to F.R.C.P. §12(b)(1). I am the Managing Member of YS Properties, LLC ("YS"), Defendant in this action. I have personal knowledge of the matters set forth below, and if called as a witness I could and would competently testify thereto.

2. YS is a Delaware limited liability company that owns a small shopping center located at 15826 Ventura Blvd., Encino, California 91436 ("Property").

3. In October/November 2019, I hired a contractor to repave the parking lot. I paid particular attention to ADA laws and made sure that I was in compliance.

4. I have an ADA compliant lift on the premises where there are steps. I have the required signs at the entrance of the of the parking lot and at the disabled parking space.

5. As I am not an expert in ADA compliance, I left the design up to the experts. My contractor

6. Plaintiff's complaint alleges that there is no designated parking space for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). The Complaint further alleged that there was a built up curb ramp that projects from the sidewalk and into the access aisle and that the curb ramp is in excess of the maximum grade allowed by ADAAG specifications.

7. Plaintiff's allegations are simply untrue. The Property was in compliance with ADAAG. At the time of Plaintiff's alleged visit in February 2020, there was a designated handicapped parking that had the proper markings, measurements, slope and signage. I made sure of this when the plans were prepared for the repaving and marking of the parking lot in late 2019.

8. Attached as **Exhibit 1** and incorporated by reference are true and correct copies of several photographs depicting the parking lot and the disabled parking space from different angles.

9. Attached as **Exhibit 2** and incorporated by reference is a true and correct copy of the plans used for the marking and construction of the accessible parking space and access aisle.  On these plans, you can see that the contractor specified that the access aisle could not have a slope that is stepper than 1:48 or 2.08%.  It is my understanding that under the ADAAG Section 502.4, both the parking space and the access aisle may have a slope not to exceed 1:48 or 2.08%.

10. While the Plaintiff calls this a built-up ramp, it is simply an access aisle that has a minor slope that does not exceed the maximum allowed slope.

11. To prove that the slope constructed was per the plans, my contractor placed a leveler on the steepest part of the slope and confirmed that it did not exceed the maximum slope.  Attached hereto as **Exhibit 3** and incorporated by reference is a true and correct copy of a photograph showing the slope.

12. Based on the above, the property was in full compliance at the time of Plaintiff's alleged visit.  I do not believe that the Plaintiff measured the slope or attempted to use the parking space.  I believe this was a typical drive-by lawsuit by a frequent litigant who had apparently filed more than 90 cases in 2020, by the time of the filing of the instant complaint on March 6, which means that he has filed more than one complaint per day in 2020.  I cannot imagine that he has taken the time to actually visit all of the locations and determine whether they are truly compliant.

13. I can only attest for this Property that we hired an expert in late 2019 and made sure that we were in compliance, just to avoid this unnecessary litigation.  But here we are despite our best efforts.

14. As the current condition is a permanent condition of the Property, there is no

reason that YS Properties, LLC would not remain compliant with ADAAG to require an injunction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on May 6, 2020 in Los Angeles, California.

JUNGGON SOHN

DECLARATION OF JUNGOON SOHN ISO DEFENDANT YS PROPERTIES' MOTION TO DISMISS PURSUANT TO F.R.C.P. §12(b)(1)